Rehearing Granted; Reversed
and Remanded; and Memorandum Opinion filed July 8, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00236-CV



the CITY OF
HOUSTON, Appellant 

v.

STUDENT AID
FOUNDATION ENTERPRISES, Appellee 



On Appeal from
the County Civil Court at Law No. 1

Harris County, Texas

Trial Court
Cause No. 926496



 

MEMORANDUM OPINION ON REHEARING[1]

The City of Houston appeals the trial court’s order
denying its plea to the jurisdiction.  Because we conclude that the claim of
appellee Student Aid Foundation Enterprises (“SAFE”) is not ripe, we reverse the
trial court’s order and remand this case to allow SAFE an opportunity to amend
its pleadings to allege sufficient jurisdictional facts.  

BACKGROUND

The City regulates
development of property in flood-prone areas.  In October 2006, the City
amended chapter 19 of the City of Houston’s Code of Ordinances to impose new,
more stringent restrictions on development in areas designated as a
“floodway.”  See Houston, Tex., Ordinance 2006-894 (Aug. 30, 2006).  The
amended ordinance provided that “[n]o permit shall hereinafter be issued for a
development to be located in any floodway if that development provides for . .
.  [n]ew construction, additions to existing structures, or substantial
improvement of any structure within the floodway.”  The ordinance as amended
expressly prohibited any variances except for certain instances involving
bridges and facilities necessary to protect the health, safety, and welfare of
the general public.  The 2006 amendment also adopted new maps redefining the
floodway under chapter 19.

SAFE is a non-profit corporation that provides academic
scholarships to students at Rice University in Houston.  SAFE owns vacant
property that it purchased as an investment, and it periodically sells or leases
portions of the property and uses the money for its philanthropic purpose.  The
2006 amendment to the ordinance placed SAFE’s property in the floodway for the
first time.[2] 
In 2008, the City again amended chapter 19 and significantly relaxed the
restrictions on development in a floodway.  See Houston, Tex., Code ch.
19 (2008).  SAFE filed this suit shortly after the 2008 amendment, claiming a
regulatory taking of its property based on the 2006 amendment.  SAFE alleged
that the 2006 amendment constituted a taking of its property because the strict
development restrictions meant it could neither construct improvements on the
property not sell it to anyone who wished to do so.

The City filed a plea to the jurisdiction, arguing in
part that SAFE’s claim is not ripe.  The trial court denied the City’s plea,
and this appeal followed.

ANALYSIS

Ripeness is a threshold issue that implicates the
court’s subject matter jurisdiction.  See Waco Indep. Sch. Dist. v. Gibson,
22 S.W.3d 849, 851 (Tex. 2000).  The lack of subject matter jurisdiction properly
may be raised by a plea to the jurisdiction.  See Tex. Dep’t Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 225–26 (Tex. 2004).  We focus on
whether facts have been alleged that affirmatively demonstrate the trial
court’s jurisdiction.  See City of Waco v. Lopez, 259 S.W.3d 147, 150
(Tex. 2008); Kessling v. Friendswood Indep. Sch. Dist., 302 S.W.3d 373, 385
(Tex. App.—Houston [14th Dist.] 2009, pet. filed).  We review a trial court’s
ruling on a plea to the jurisdiction de novo.  See Lopez, 259 S.W.3d at
150; Kessling, 302 S.W.3d at 385.  If the pleadings do not contain
sufficient facts to affirmatively demonstrate the trial court’s jurisdiction
but do not affirmatively demonstrate incurable defects in jurisdiction, the
issue is one of pleading sufficiency, and the plaintiff should be afforded the
opportunity to amend.  See Miranda, 133 S.W.3d at 226–27.

Both the United States and Texas Constitutions
prohibit the government from taking private property for public use without just
compensation.  See U.S. Const.
amend. V; Tex. Const. art. I, §
17; see also Hallco Tex., Inc. v. McMullen County, 221 S.W.3d 50, 56
(Tex. 2006) (recognizing similarity between Texas and federal constitutional
provisions regarding taking of property and noting it is appropriate to look to
federal law for guidance).  Although governments can regulate property under a
valid exercise of police power, a regulatory action can constitute a taking
requiring compensation under some circumstances.  See Palazzolo v. Rhode
Island, 533 U.S. 606, 617 (2001); Hallco, 221 S.W.3d at 56.  SAFE
argues that the 2006 amendment made its property unmarketable and therefore
constituted a regulatory taking.[3] 
The City argues that SAFE’s claim is not ripe because SAFE (1) never submitted
a permit application or variance request to the City and (2) had no plans for
the property in 2006 and thus did not suffer a concrete injury arising from the
2006 amendment.

Ripeness concerns the timing of a lawsuit.  See
Gibson, 22 S.W.3d at 851.  A lawsuit is ripe if the facts are sufficiently
developed so that a concrete injury has occurred or is likely to occur, rather
than being contingent or remote.  See id. at 851–52.  A case is not ripe
when determining whether there is a concrete injury depends on contingent or
hypothetical facts or events that have not yet come to pass.  Id.

SAFE cannot demonstrate ripeness on this record.  At
the time of the 2006 amendment, SAFE had owned the relevant property for years
and undertook revenue-generating action, such as leasing or selling a parcel, only
when it needed money.  The record contains neither a pleaded allegation nor any
evidence that SAFE intended to do anything with the property while the 2006
amendment was in effect.  If SAFE intended to do no more than hold the property
during that time, the amendment did not injure SAFE even if it made the
property less marketable.

SAFE stated in its petition that the amendment
prevented it from selling or building on the property, but this allegation does
not show an intent to take such action.  SAFE admitted at oral argument that it
had no such plans in 2006.  Absent evidence or allegations of an intent to sell
the property or build on it in 2006, SAFE cannot establish that the amended
ordinance prevented it from undertaking a profitable venture and any claimed injury
is hypothetical.  See City of Houston v. HS Tejas, Ltd., 305 S.W.3d 178,
184–85 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (takings claim involving
2006 amendment to Houston City Ordinance was not ripe because plaintiff “has
not alleged any specific improvement or sale that was impacted or impeded by
the 2006 amendment”); Gibson, 22 S.W.3d at 852–53 (claims challenging
student promotion policies were not ripe because no students had been prevented
from advancing); Harris County Mun. Util. Dist. No. 156 v. United Somerset
Corp., 274 S.W.3d 133, 138–39 (Tex. App.—Houston [1st Dist.] 2008, no pet.)
(breach of contract and quantum meruit claims based on inadequate reimbursement
were not ripe because utility district had not yet decided how bond
reimbursement proceeds would be distributed).[4] 
Thus, SAFE’s claim is not ripe and the trial court lacked subject matter
jurisdiction to address that claim.  See Gibson, 22 S.W.3d at 851. 

CONCLUSION

Because SAFE’s claim is not ripe, the trial court
lacked subject matter jurisdiction over the action. [5]  However,
because the pleadings do not demonstrate an incurable defect in jurisdiction, we
reverse the trial court’s order denying the City’s plea to the jurisdiction and
remand to allow SAFE the opportunity to amend its pleadings to allege
sufficient jurisdictional facts and for further proceedings consistent with
this opinion.  See Miranda, 133 S.W.3d at 226–27; HS Tejas, 305
S.W.3d at 185.[6]

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Seymore,
and Boyce.









[1]
We grant appellee’s motion for rehearing.  We withdraw our opinion issued May
4, 2010 and issue this opinion in its place.





[2]
The City does not deny that SAFE’s property is in the floodway, though the City
states that it has not had the opportunity to confirm this fact.  For purposes
of a plea to the jurisdiction, we take the pleadings as true in the absence of
any evidence to the contrary from the City.  See Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000).





[3]
During oral argument, SAFE also asserted that it is automatically entitled to
compensation because the amendment deprived it of the right to build on its property
and thereby took one of the “sticks in its bundle of property rights.”  We
disagree.  Even if a regulation interferes with a property-owner’s use of
property and thus intrudes upon property rights, a regulation constitutes a
taking only when the regulation deprives the owner of all economically
beneficial or productive use of the property.  See Palazzolo, 533 U.S.
at 617; Hallco, 221 S.W.3d at 56.

 





[4]
The present case and Tejas are both distinguishable from other cases in
which the courts found that takings claims regarding the 2006 amendment were
ripe because those plaintiffs alleged a specific plan for improvement or sale
that was thwarted by the 2006 amendment.  See City of Houston v. Mack,
No. 01-09-00427-CV, __ S.W.3d __, 2009 WL 5064710, at *5–6 (Tex. App.—Houston
[1st Dist.] Dec. 22, 2009, no pet. h.) (plaintiffs alleged they intended to
sell property for development and had entered into listing agreement); City
of Houston v. Norcini, No. 01-09-00426-CV, __ S.W.3d __, 2009 WL 3931681,
at *4–5 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, pet. denied) (plaintiff
intended to sell lots to a builder); City of Houston v. Noonan, No.
01-08-01030-CV, 2009 WL 1424608, at *1 (Tex. App.—Houston [1st Dist.] May 21,
2009, no pet.) (mem. op.) (plaintiff intended to build a residence); City of
Houston v. O’Fiel, No. 01-08-00242-CV, 2009 WL 214350, at *2 (Tex.
App.—Houston [1st Dist.] Jan. 29, 2009, pet. denied) (mem. op.) (plaintiff’s
intended use was residential construction).





[5]
Because we determine that SAFE cannot establish ripeness in the absence of a
concrete injury, we do not address the City’s argument that SAFE’s claim also
is not ripe because SAFE did not submit a permit application or variance
request.  





[6]
The City argues that SAFE waived its right to replead by not repleading in
response to its plea to the jurisdiction, citing Robinson v. Alief
Independent School District, 298 S.W.3d 321, 328 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied).  Robinson waived his right to replead because, when
given notice of jurisdictional defects, he failed to replead before the trial
court granted the plea to the jurisdiction.  See id. at 328.  Here, the
trial court rejected the City’s arguments and found no pleading defect,
concluding that SAFE had no need to amend its pleadings at that time.  Thus,
the analysis in Robinson does not apply here.