Opinion issued March 1, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00431-CV

———————————

City of Houston, Appellant

V.

HS Tejas,
Ltd., Appellee



 



 

On Appeal from the County Civil Court at Law No. 2

Harris County, Texas



Trial Court Case No. 926,497

 



 

MEMORANDUM OPINION

This interlocutory appeal concerns a
regulatory takings case that this court previously examined and remanded for
further proceedings in City of Houston v.
HS Tejas, Ltd., 305 S.W.3d 178 (Tex. App.—Houston [1st Dist.] 2009, no
pet.) (HS Tejas I).  The issues and applicable law are virtually
the same as those in HS Tejas I.  The City argues that HS Tejas’s petition,
which was amended after HS Tejas I,
still demonstrates a lack of ripeness because it fails to allege a concrete
injury.  Nevertheless, the trial court
denied the City’s subsequently filed plea to the jurisdiction.  The City also argues that the trial court
erroneously considered over 1,100 pages of attachments to HS Tejas’s petition
when it ruled on the City’s plea.  We
affirm.

Background

The background to this case is more fully discussed in HS Tejas I, 305 S.W.3d at 181–82. 
In summary, HS Tejas sued the City, complaining about an ordinance which
was amended in 2006 so as to restrict the City Engineer’s issuance of building
permits in floodways.  HS Tejas alleged
that this amended ordinance effectively prohibited it from developing or making
improvements to four parcels of vacant land that it owned.  Id.
at 182; see Houston, Tex., Ordinance
2006-894, § 26 (Aug. 30, 2006).  That
amended ordinance, effective on October 1, 2006, was again amended, effective
on September 1, 2008, such that the City Engineer gained greater discretion in
issuing permits for the development of land in floodways.  See HS
Tejas I, 305 S.W.3d at 181–82; Houston, Tex., Ordinance 2008-658, § 10 (July 23, 2008) (codified
at Houston, Tex., Code of Ordinances
§ 19-43 (2009)), current
version available at http://library.municode.com/HTML/ 10123/level4/COOR_CH19FLPL_ARTIIISTFLHARE_DIV3DEWAFL.html#COOR_CH19FLPL_ARTIIISTFLHARE_DIV3DEWAFL_S19-43FL.

The City filed a plea to the jurisdiction in which it argued
that the claim was unripe for adjudication because HS Tejas had not alleged a
concrete injury arising from a specific development or sale impacted by the 2006
ordinance.  HS Tejas I, 305 S.W.3d at 182.  The trial court denied the jurisdictional
challenge, and the City filed an interlocutory appeal with this court.  Id.;
see Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008) (authorizing interlocutory appeal for
denial of plea to the jurisdiction).

In HS Tejas I, this
court analyzed the ripeness component of subject-matter jurisdiction in takings
cases.  See HS Tejas I, 305 S.W.3d at 184.  The takings claim was construed as an as-applied
claim, which meant that to establish ripeness, HS
Tejas had the burden to allege a concrete injury resulting from a specific plan
for improvement or sale that was adversely affected by the 2006 amendment.  Id. at 184 (citing Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849
(Tex. 2000)).  HS Tejas
had failed to allege a concrete injury sufficient to support its regulatory
takings claim, but the case was remanded to allow HS Tejas an opportunity to
amend its pleadings.  Id. at 185–86 (citing Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226–27 (Tex. 2004)).

          Six
months after this court’s mandate from HS
Tejas I was filed in the trial court, the City filed a new plea to the
jurisdiction, pointing out that HS Tejas had not yet filed any amended
pleadings.  In response, HS Tejas filed
its First Amended Original Petition, which contained a section titled
“Plaintiff’s Intended Use of the Property.” 
That section, which is the only part of HS Tejas’s petition that
reflected substantial changes, included several allegations that were not made
in the original petition.  The trial
court ruled that the amended petition was insufficient to establish
jurisdiction, but it allowed HS Tejas an additional opportunity to amend.

          HS
Tejas subsequently filed its Second Amended Original Petition in which it
expanded upon the section titled “Plaintiff’s Intended Use of the
Property.”  In this amended petition, HS
Tejas alleged that it had acquired the four parcels “for the specific purposes
of developing [them] and selling [them] into residential, commercial and/or
mixed use occupancy and selling the developed property to third parties.”  HS Tejas further alleged that it “began the
preliminary steps to accomplishing those purposes,” including drawing up plans
and employing professional services.  However,
upon the 2006 amendment’s passage, negotiations were alleged to have “failed
because the prospective permitting offices and accordingly purchasers could
erect no improvements upon the property.” 
The petition was expressly limited to challenge the City’s permitting
ordinance only during the 2006 to 2008 timeframe.  Over 1,100 pages of unauthenticated exhibits
were attached to the amended petition, including invoices, contracts, appraisals,
maps, e-mail messages, and other documents.

          The
City supplemented its plea to the jurisdiction, arguing that HS Tejas had still
failed to plead a concrete injury arising out the 2006 amendment’s impact on a
specific development plan.  The City also
moved to strike the documents attached to HS Tejas’s petition.

After holding a
hearing on the City’s plea and motion to strike, the trial court signed an
order denying the plea to the jurisdiction. 
The trial court did not otherwise act on the City’s motion to strike the
attachments, although during the hearing, the court stated that the documents
were “attached for information purposes” rather than as evidence.

The City filed an
interlocutory appeal from the order denying its plea to the jurisdiction, which
we now address.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

Analysis

          The City raises two issues on
appeal.  First, it argues that HS Tejas’s
Second Amended Original Petition fails to allege a concrete injury sufficient
to confer subject-matter jurisdiction. 
The City asserts that the petition’s allegations fall below the standard
for ripeness that this court articulated in HS
Tejas I, and it points out that HS Tejas did not submit a development plan
that was denied by the City.  Second, the
City argues that the trial court erred by considering the 1,100 pages of
unauthenticated documents attached to the second amended petition.

HS Tejas argues that its amended petition sufficiently
describes a concrete injury, that it did not have to
apply for a permit because such an application would have been futile under the
2006 amendment, and that the trial court properly considered the attachments as
part of the allegations.

          We analyze the ripeness question under
the same standard of review and the same regulatory takings law discussed in this
court’s prior opinion.  See HS Tejas I, 305
S.W.3d at 183–85.  Whether a trial court has subject-matter
jurisdiction is a question of law that we review de novo.  Miranda,
133 S.W.3d at 226. 
If the claimant’s pleadings allege sufficient facts that affirmatively
demonstrate the court’s subject-matter jurisdiction, the plea to the
jurisdiction should be denied.  Id. 
If, however, the claimant’s pleadings do not allege sufficient facts,
but do not affirmatively demonstrate incurable defends in jurisdiction, the
claimant should be afforded the opportunity to amend.  Id.
at 226–27; see also HS Tejas I, 305 S.W.3d at 185.  If the pleadings affirmatively negate
jurisdiction, the plea to the jurisdiction should be granted without allowing
the claimant an opportunity to amend.  Miranda, 133 S.W.3d at
227.

          When
reviewing pleadings to determine jurisdiction, we construe them liberally in
the plaintiff’s favor, looking to the pleader’s intent.  See City of Waco v. Kirwan, 298 S.W.3d
618, 621 (Tex. 2009).  The purpose
of a plea to the jurisdiction, which is a dilatory plea, is not to force the
plaintiff to preview its case on the merits, but rather to establish a reason
why the merits of the plaintiff’s claims should never be reached.  Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).  Thus, we will not inquire so far into the
substance of the claims that we effectively demand HS Tejas to put on its case
simply to establish jurisdiction.  See id.

Ripeness is an element
of subject-matter jurisdiction and, as such, is subject to de novo review.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  We may generally look to federal cases for
guidance in takings cases, including for guidance on determining the ripeness
of a takings claim.  See Hallco Tex.,
Inc. v. McMullen Cnty., 221 S.W.3d 50, 56 (Tex.
2007).

Inverse condemnation
occurs when property is taken for public use without proper condemnation
proceedings and the property owner attempts to recover compensation for that
taking.  City of Abilene v. Burk Royalty Co., 470
S.W.2d 643, 646 (Tex. 1971).  A
real property owner may have a takings claim premised on the theory of inverse
condemnation when a government regulation has interfered with investment-backed
expectations.  See Hallco,
221 S.W.3d at 56 (citing Penn Cent. Transp. Co. v. City of
New York, 438 U.S. 104, 98 S. Ct. 2646 (1978)).  Among other requirements for the ripeness of
a regulatory takings claim, the claimant must allege that it planned to use its
property in a way that would conflict with the challenged regulation.  See Palazzolo v. Rhode Island, 533 U.S. 606, 620–21, 121 S.
Ct. 2448, 2459 (2005) (observing that ripeness ordinarily requires government’s
final decision on development plans); Hallco, 221 S.W.3d at 60 (finding ripeness when claimant’s
intended use was totally prohibited by regulation).  This ripeness requirement stems from the
principle that a case is ripe only if an injury has occurred or is likely to
occur.  See Gibson, 22 S.W.3d at 851–52.  A case is not ripe when the determination of
whether the plaintiff has an injury depends upon contingent or hypothetical
facts, or upon events that have not yet come to pass.  Id. at 852.  Thus, when
a landowner alleging a regulatory taking intends no more than to hold real
property during the life of the challenged regulation, there is no concrete
injury even if the regulation makes the property less marketable.  See HS
Tejas I, 305 S.W.3d at 184–85; City
of Houston v. Student Aid Found. Enters., No. 14-09-00236-CV, 2010 WL
2681706, at *2 (Tex. App.—Houston [14th Dist.] July 8, 2010,
no pet.) (mem. op. on
rehearing).

          HS Tejas’s amended petition alleges
that it “began the preliminary steps” to develop its parcels “into residential,
commercial, and/or mixed use occupancy” for eventual resale, but “negotiations
failed” because of the 2006
amendment.  The petition further alleges
that HS Tejas “continued to attempt to develop for marketing the property”
after the amendment’s passage.  HS Tejas
also alleges that it had “employed the services of architects, engineers, landplanners and others required to implement plans for its
subdivision and sale,” and that “[p]lans were drawn
and others were in the process of being drawn” when the amendment’s passage was
announced.

This amended petition supplies what was lacking in the
petition that this court examined in HS
Tejas I: an alleged intention to use property in a way that the 2006
amendment disallowed.  The alleged
activities that HS Tejas undertook—such as negotiating and hiring professional
services—are of the kind that a party would undertake only if it had some
intention to develop or sell real estate. 
See City of Houston v. Mack, 312 S.W.3d 855,
862 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (finding
ripe claim when plaintiff alleged entering into brokerage listing agreement to
sell property for development); City of
Houston v. Norcini, 317 S.W.3d 287, 294 (Tex.
App.—Houston [1st Dist.] 2009, pet. denied) (finding ripe claim when plaintiff
alleged buying properties with intent to sell to developers).  Moreover, the allegation that “negotiations
failed” upon the amendment’s passage, when liberally
construed in HS Tejas’s favor, could signify that HS Tejas lost an imminent
sale or deal.  Because HS Tejas now
alleges that the 2006 amendment prevented it from proceeding with its intention
to develop and market its property, it has alleged a concrete injury that is
not contingent, remote, or dependent upon events that have not yet come to
pass.  See Gibson, 22 S.W.3d at 852.

The City also challenges the claims as unripe because HS
Tejas never applied for a development permit. 
In similar regulatory takings cases, this court addressed the City’s
argument and found that such an application would have been futile under the
2006 amendment, which allowed for no discretion or variances.  See Mack, 312 S.W.3d at
863; Norcini,
317 S.W.3d at 294–95; City of Houston v. Noonan, No.
01-08-01030-CV, 2009 WL 1424608, at *5–6 (Tex. App.—Houston [1st Dist.]
May 21, 2009, no pet.) (mem. op.); City of
Houston v. O’Fiel, No. 01-08-00242-CV, 2009 WL
214350, at *5 (Tex. App.—Houston [1st Dist.] Jan. 29,
2009, pet. denied) (mem.
op.).  Thus, the failure to apply for a development permit does
not bar the ripeness of HS Tejas’s claims.

          We overrule the City’s first issue.  Because we hold that HS Tejas has alleged a
concrete injury on the face of its petition, we do not reach the City’s second issue, that the trial court erred by allegedly considering
the documents attached to HS Tejas’s petition. 
See Tex. R. App. P. 47.1.

Conclusion

          We affirm the
order of the trial court denying the City’s plea to the jurisdiction.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel consists of Justices Jennings, Massengale, and
Huddle.