**Opinion issued March 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00864-CV

———————————

## HS TEJAS, LTD., Appellant

## V.

## CITY OF HOUSTON, Appellee

---

**On Appeal from the Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 926497**

---

## O P I N I O N

This is the third appeal in this regulatory takings case arising from an ordinance that temporarily restricted a landowner's ability to develop several parcels of real estate. After two previous interlocutory appeals, the trial court granted the City of Houston's merits-oriented plea to the jurisdiction and dismissed

the case. HS Tejas, Ltd. appeals the dismissal, arguing among other things that the trial court erred because the City raised only "no-evidence" points in its jurisdictional plea. Because this procedure improperly attempted to shift the City's burden to disprove jurisdictional factual allegations, we reverse and remand for further proceedings.

## Background

The background to this case is described in detail in *City of Houston v. HS Tejas, Ltd.*, 305 S.W.3d 178 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (*HS Tejas I*). HS Tejas sued the City, claiming that 2006 amendments to an ordinance[1] effectively prohibited it from developing or making improvements to three separate tracts of four, six, and ten acres acquired in 2003, as well as another 118-acre tract.[2] While the City Engineer had discretion to issue building permits for the parcels of land under the prior version of ordinance, the version as amended effective October 1, 2006 substantially limited that discretion. *See HS Tejas I*, 305 S.W.3d at 181. The ordinance was then amended again, effective September 1,

---

[1] *See* Houston, Tex., Ordinance 2006–894, § 26 (Aug. 30, 2006).

[2] *City of Houston v. HS Tejas, Ltd.*, 305 S.W.3d 178, 182 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The *HS Tejas I* opinion stated that HS Tejas acquired the large tract in 1995. *See* 305 S.W.3d at 181. In this appeal, the City contends that the large tract was actually acquired by HS Tejas days after the 2006 ordinance went into effect. HS Tejas acquired the large parcel from Holley-Strother Kingwood Lake Estates, Ltd., an entity related to HS Tejas's founding partner Ronald Holley.

2

2008, to restore the City Engineer's discretion in issuing permits for the development of land in the floodways. *Id.* at 181–82; Houston, Tex., Ordinance 2008–658, § 10 (July 23, 2008) (codified at Houston, Tex., Code of Ordinances § 19–43 (2009)).

The first appeal to this court arose from the denial of a plea to the jurisdiction, in which the City argued that the claims were unripe for adjudication because HS Tejas had not alleged a concrete injury arising from a specific development or sale impacted by the 2006 ordinance. *HS Tejas I*, 305 S.W.3d at 182. We agreed and held, at that stage of the proceedings, that HS Tejas had failed to allege a concrete injury sufficient to support its regulatory takings claim; but we also remanded the case to allow for an opportunity to amend the pleadings. *Id.* at 185–86.

On remand, HS Tejas filed its second amended petition, and the City filed another plea to the jurisdiction. *City of Houston v. HS Tejas, Ltd.*, No. 01-11-00431-CV, 2012 WL 682298, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.) (*HS Tejas II*). The trial court again denied the City's plea, and a second interlocutory appeal followed. *HS Tejas II*, 2012 WL 682298, at *2. The City again claimed that the pleadings failed to allege a concrete injury sufficient to meet the standard for ripeness articulated in *HS Tejas I*. *Id.* We held that the second amended petition, on its face, alleged a concrete injury sufficient to confer subject-

matter jurisdiction. *Id.* at \*4. Because the allegations, on their face, conferred subject-matter jurisdiction, we did not reach the City's second issue regarding whether the trial court erred in considering documents attached to the petition. *Id.* We affirmed the trial court's order denying the City's plea to the jurisdiction. *Id.* at \*5.

After our decision in *HS Tejas II*, the City filed a motion for summary judgment on no-evidence grounds, along with yet another plea to the jurisdiction. In support of both, the City argued that the trial court should dismiss the claims for lack of subject-matter jurisdiction because no evidence existed to establish either a permanent or temporary taking. Specifically, the City challenged the existence of jurisdictional facts by arguing that HS Tejas could offer no evidence that (1) the City acted intentionally in its exercise of lawful authority; (2) any such act resulted in the taking, damaging, or destroying of any property that HS Tejas owns; and (3) the property was taken for public use. The City did not attach any evidence of its own, nor did it make any other jurisdictional arguments. HS Tejas filed a response, attaching evidence responding to the specific allegations made by the City. That evidence included the challenged ordinance and a valuation report suggesting that the lost rental value of the property during the operative time of the challenged ordinance was $300,000.

4

The trial court conducted an evidentiary hearing on the summary-judgment motion and plea to the jurisdiction. The trial court made no ruling on the motion for summary judgment, but it granted the plea to the jurisdiction and entered an order dismissing the claims against the City. HS Tejas now appeals from the final judgment entered by the trial court.

**Analysis**

**I.     No-evidence plea to the jurisdiction**

In its second issue, HS Tejas argues that the trial court erred by granting the plea to the jurisdiction because the City failed to present any evidence negating jurisdiction.

A plea to the jurisdiction may challenge the sufficiency of the petition's factual allegations to demonstrate the court's jurisdiction over the case, or it may challenge the very existence of the alleged jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a plea to the jurisdiction challenges the adequacy of the facts pleaded in a petition, courts must construe the pleadings liberally in favor of the plaintiff. *Id*. at 226. If the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction, the trial court is required to provide the plaintiff an opportunity to amend its pleadings. *Id*. at 226–27. If, however, the pleadings affirmatively negate

the existence of jurisdiction, the trial court may grant the plea without allowing the plaintiff an opportunity to amend. *Id*. at 227.

In contrast, when the plea challenges the existence of jurisdictional facts, the trial court is required to consider relevant evidence submitted by the parties. *Id*. If the evidence creates a fact issue regarding jurisdiction, the trial court does not rule on the plea, but instead submits the issue to the factfinder in a trial on the merits. *Id*. at 228.

The procedure for a plea to the jurisdiction when evidence has been submitted to the trial court mirrors that of a traditional motion for summary judgment. *Id*.; *see also* TEX. R. CIV. P. 166a(c). Thus, the burden is on the movant to present evidence establishing that the trial court lacks jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228. Thereafter, the burden shifts to the plaintiff to demonstrate that a disputed issue of material fact exists regarding the jurisdictional issue. *Id*. Accordingly, the defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to demonstrate the existence of a fact issue. *See Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 794 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that a trial court's subject-matter jurisdiction cannot be challenged by a no-evidence motion for summary judgment); *see also Thornton v. Northeast Harris Cnty. MUD I*, 447 S.W.3d 23, 38–40 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (holding that trial court

6

improperly dismissed takings claim for lack of jurisdiction based on no-evidence motion for summary judgment). In other words, a plaintiff generally will not be required to marshal evidence and prove a claim just to overcome a plea to the jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012). If the plaintiff has alleged basic facts adequate to establish the elements of a claim such that the court can determine whether it is barred by sovereign immunity, then the plaintiff will only be required to submit evidence if the defendant presents evidence negating one of those basic facts. *Id*. "[E]ven then, the plaintiff's burden of proof with respect to those jurisdictional facts must not 'involve a significant inquiry into the substance of the claims.'" *Id*. at 637–38.

In this case, the City challenged subject-matter jurisdiction on the express premise that no evidence supported the pleadings. As this court held in *Green Tree Servicing*, and as the City acknowledges on appeal, that is a forbidden procedure. The City did not contend that the facts alleged by HS Tejas failed to establish jurisdiction even if assumed to be true, and the City failed to present its own evidence to establish that the trial court lacked jurisdiction as a matter of law. By not presenting any evidence to establish that the trial court lacked jurisdiction as a matter of law, the City failed to meet its burden to challenge jurisdiction. *See Miranda*, 133 S.W.3d at 228; *Green Tree Servicing*, 388 S.W.3d at 794. Accordingly, we sustain HS Tejas's second issue and hold that the plea to the

jurisdiction should have been denied based on the arguments presented in the trial court.

## II. Newly asserted challenges to subject-matter jurisdiction

The City also contends that the defect in its plea to the jurisdiction was harmless because the record—supplemented by certain matters we are asked to judicially notice—nevertheless establishes a lack of subject-matter jurisdiction. The City thus argues that we should affirm the dismissal of HS Tejas's claims because the existing record establishes "the lack of a taking, the lack of causation, and the lack of damages."

In so arguing on appeal, the City advances new arguments in support of its position that the ordinance did not constitute a regulatory taking. First, it asserts that part of the property lay outside of the area designated as a floodway, meaning that some of the property at issue was not covered by the ordinance. Second, it argues that HS Tejas was not deprived of all economically beneficial or productive use of its property, based on evidence (from a bankruptcy trustee's report, which we are asked to judicially notice) that dirt was sold from the property after the ordinance took effect, and because the property could have been used as a wetlands mitigation bank. Third, the City argues that the ordinance did not amount to a legally cognizable temporary taking because:

- HS Tejas did not purchase the large tract until after the ordinance went into effect;

- a predecessor in interest had not developed the property;

- the large tract of land could not be developed because it lacked road access;

- the large tract of land was subject to encumbrances prior to the ordinance; and

- the large tract lay within the 100-year floodplain.

The City further argues that this same evidence establishes a lack of causation and damages necessary to a takings claim, and that HS Tejas's expert testimony on damages was conclusory. Fourth, the City asserts that the lack of evidence concerning plans to develop the three smaller tracts of land demonstrates a lack of damages as to those properties. And to the extent that no evidence establishes any use of the smaller tracts, the City contends that evidence regarding the larger tract should inform the court's analysis, such that claims over the smaller tracts also fail to constitute a regulatory taking because the evidence about sales of fill dirt indicates that the property retained an economically viable use.

Ordinarily new issues may not be raised for the first time on appeal, though there is an exception for issues demonstrating an absence of subject-matter jurisdiction. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95–97 (Tex. 2012). Nevertheless, in some circumstances a challenge to subject-matter jurisdiction raised for the first time on appeal may deprive the plaintiff of the opportunity to amend its pleadings to cure defects or to develop the record with relevant evidence.

*Id*. at 96. As a safeguard, we therefore must construe the petition in favor of the party invoking the court's jurisdiction and review the entire record to determine whether any evidence supports that assertion. *Id*. If the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then to obtain dismissal of the plaintiff's claim, the defendant must demonstrate that the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings. *Id*. Or, if the plaintiff was not given an adequate opportunity to develop the record and amend the pleadings, then the defendant must demonstrate that the plaintiff would be unable to show the existence of jurisdiction even if the cause were remanded to the trial court and the plaintiff were given such an opportunity. *Id*.

In its current posture, the record does not conclusively negate jurisdiction. While the City asserts numerous reasons it believes the ordinance has neither destroyed all economically viable use of the property nor unreasonably interfered with the use and enjoyment of the property, HS Tejas has replied with explanations as to why the City's evidence is incomplete or unreliable, pending further opportunity to develop the record. In particular, HS Tejas contends that the receipts for fill dirt relied upon by the City are unreliable because there is no evidence that the money was ever paid to HS Tejas, thus obscuring the true value, if any, of the dirt. It observes that the City's evidence that the land could have been used for

wetlands mitigation comes from an appraisal report of the land as of October 1, 2008, after the ordinance was amended to permit development, and that the report appraised only 10.8 acres of the large 118-acre tract. Further, it asserts that the City's evidence that 21.5 acres of the large tract lie outside of the floodway is immaterial without further evidence that development or use of those 21.5 acres was economically feasible.

The Supreme Court of Texas has acknowledged that arguments of the kind now raised by the City for the first time in this appeal depend "largely 'upon the particular circumstances [in that] case.'" *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 477 (Tex. 2012) (quoting *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 124, 98 S. Ct. 2646 (1978)). As such, "courts generally eschew any 'set formula' in determining how far is too far when performing a regulatory takings analysis, preferring to '"engag[e] in . . . essentially ad hoc, factual inquiries."'" *Id*. (quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015, 112 S. Ct. 2886 (1992), and *Penn Cent.*, 438 U.S. at 124, 98 S. Ct. 2646)). Considered in that light, it is apparent that HS Tejas has not had an opportunity to develop the record as to the issues the City now raises, and the City makes no argument that HS Tejas would be unable to demonstrate jurisdiction if the case is remanded. HS Tejas asserts in its reply briefing that it would have examined the witnesses differently and offered other documentary evidence had the City raised these issues

in the trial court. Accordingly, it now must be afforded an opportunity to develop the record regarding the new issues the City argues on appeal. *See Rusk State Hosp.*, 392 S.W.3d at 96.

The City also contends that the federal takings claims in particular were properly dismissed because they are not technically ripe until the state takings claim is resolved. To the extent the City presents this as a bright-line rule, it is mistaken.[3] As recently recognized by our Supreme Court, in at least some circumstances courts may "consider the federal and state takings claims together, as the analysis for both is complementary." *Hearts Bluff*, 381 S.W.3d 468, 477 (citing *City of Austin v. Travis Cnty. Landfill Co.*, 73 S.W.3d 234, 238–39 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 933–38 (Tex. 1988)). The City presents no arguments to explain why these particular federal takings claims are unripe pending the resolution of parallel state takings claims that apparently hinge on precisely the same legal arguments, and none are apparent to us.

---

[3]   The City quotes and relies upon *Hallco Texas, Inc. v. McMullen Cnty.*, 221 S.W.3d 50 (Tex. 2006), for the proposition that "a federal takings claim 'is not ripe until state court proceedings have been concluded.'" *Hallco*, 221 S.W.3d at 59 (quoted by the City's brief at 12). This quotation is taken out of context and grossly oversimplifies the complex interplay of state and federal takings claims with regard to their ripeness for adjudication. To the extent the same oversimplification is reflected in this court's opinion in *City of Houston v. Guthrie*, 332 S.W.3d 578, 592 (Tex. App.—Houston [1st Dist.] 2009, pet. denied), also noted in the City's brief, that opinion has been supplanted by the more accurate and more recent statement of the law by the Supreme Court of Texas in *Hearts Bluff*, quoted above.

Accordingly, we decline to affirm the dismissal of the federal claims on ripeness grounds that have not been adequately presented.

## Conclusion

We overrule the trial court's order dismissing HS Tejas's claims, and we remand the case for further proceedings consistent with this opinion.

Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Lloyd.