**AFFIRMED; Opinion Filed June 9, 2016,**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01076-CV

**JERRY CHAMBERS, MARSHA CHAMBERS, AND JASON CHAMBERS, Appellants**
**V.**
**ALLSTATE INSURANCE COMPANY, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 87353-422**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Justice Lang

Appellants Jerry Chambers, Marsha Chambers, and Jason Chambers (collectively, "the Chambers" or "Plaintiffs") filed this lawsuit against appellee Allstate Insurance Company ("Allstate") following a motor vehicle accident. The Chambers asserted, among other claims, a promissory estoppel claim respecting medical expenses arising from the accident. Following final disposition of the Chambers's other claims, the trial court signed an order granting Allstate's motion for no-evidence and traditional summary judgment on the Chambers's promissory estoppel claim respecting medical expenses.

Proceeding pro se on appeal, the Chambers assert eighteen issues challenging the trial court's summary judgment as to that claim. We decide against the Chambers on their eighteen

issues. The trial court's judgment is affirmed. Because the law to be applied in this case is well settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## I. FACTUAL AND PROCEDURAL CONTEXT

In July 2008, Jerry[1] and a driver insured by Allstate were involved in a motor vehicle accident. Jerry was operating a motorcycle and Allstate's insured was driving a car. On July 6, 2010, the Chambers, proceeding pro se in the trial court, filed trial court cause number 81338-422, in which they alleged multiple causes of action against Allstate, its insured, and several others. In 2012, the Chambers's claims against Allstate were severed into this case, trial court cause number 87353-422.[2]

In the Chambers's July 9, 2013 verified amended petition in this case, they contended in part that an Allstate "adjuster" made "two joint oral promises" to them on August 18, 2008, promising to pay (1) "all the medical expenses which had currently been incurred by Mr. Chambers as of August 18, 2008 directly to the medical providers" and (2) "$3321.00 for the motorcycle directly to the Plaintiffs." According to the Chambers, Allstate did not make any of the payments allegedly promised. The Chambers (1) asserted they foreseeably and justifiably relied upon Allstate's promises to their detriment and (2) sought to recover payment for the motorcycle and more than $197,000 in medical expenses.

Subsequently, both sides moved for summary judgment on the Chambers's claims against Allstate. In support of their motion for summary judgment, the Chambers filed at least two affidavits, including a September 19, 2013 "Affidavit of Jerry Chambers Concerning Amount of Reliance Damages." Attached to that affidavit was a "Subrogation and Reimbursement Agreement" (the "Subrogation Agreement") between Jerry and "Automobile Mechanics' Local

---

[1] We refer to the Chambers by their first names when necessary for clarity.

[2] Allstate filed a general denial answer in trial court cause number 81338-422 prior to severance. The record does not show any subsequent answer filed by Allstate.

701 Union and Industry Welfare Fund," which Jerry described as his "health insurance company." In the affidavit, Jerry stated he signed the Subrogation Agreement "because Allstate had not made the promised currently incurred emergency medical expense payments directly to the providers between August 18, 2008 and October 24, 2008" and "the Health Insurance Company explained that they could not authorize my out-of-hospital medical care UNTIL the emergency medical expenses which were incurred between July 9th and August 6th of 2008 were paid or the Subrogation Agreement was signed." (emphasis original).

Following several hearings, the trial court signed a March 24, 2014 "final and appealable" order denying the Chambers's motion for summary judgment and granting summary judgment in favor of Allstate. The Chambers appealed that order to this Court. In a February 5, 2015 opinion, this Court affirmed in part, but agreed with the Chambers's argument that the trial court's order was "incomplete." *Chambers v. Allstate Ins. Co.*, No. 05-14-00065-CV, 2015 WL 481191, at *8 (Tex. App.—Dallas Feb. 5, 2015, no pet.) (mem. op.). Specifically, this Court concluded "although the trial court thought it had disposed of all the Chambers' claims, one claim remained unresolved—the promissory estoppel claim relating to Jerry's medical expenses." *Id.* Accordingly, this Court reversed the trial court's March 24, 2014 order in part and remanded the case to the trial court for further proceedings respecting that claim. *Id.* at *9.

On remand in the trial court, the Chambers filed a March 2, 2015 verified "first amended original petition," which is the live petition in this case. In that petition, they asserted the same allegations described above respecting their promissory estoppel claim for medical expenses and stated (1) "[t]he Plaintiffs are seeking specific performance of the promised payments that were promised and accepted in the August 18, 2008 promissory estoppels [sic] agreement"; (2) "[i]t would be an injustice for the Plaintiffs to receive damage compensation for any amount less than the promised amount that was to have been paid directly to the providers, and which has been

–3–

established as being $237,962.38"; and (3) "Appendixes One–Four filed on October 26, 2010 under cause number 81338-422 and transferred to this Severed Cause Number 87353-422 are still active appendixes."

Additionally, Marsha filed a March 2, 2015 "Affidavit of Facts in Support of Promissory Estoppel Claim" in which she testified in part (1) she personally spoke with an Allstate adjuster on August 18, 2008, and he "made two promises directly to me personally"; (2) the Allstate adjuster "promised and stated" in part that "Allstate would pay my husband's current medical expenses which had been incurred between the accident on July 9, 2008 and the time of this promised agreement being made on August 18, 2008 since when my husband had already been released from the hospital on August 6, 2008"; (3) the Allstate adjuster "fully understood that we were relying on the adjuster's promise to make the definite amount of the payments of the currently incurred medical expense payments directly to the medical providers for the services rendered between July 9th and August 6th of 2008"; (4) if Allstate had "honored" that "promise," the Chambers "would not have had the hospital and doctor liens filed against them and would not have been forced to sign the Subrogation Agreement"; (5) the Allstate adjuster "never stated that his promise to pay for the . . . medical expenses, incurred between the time of the accident on July 9, 2008 and the time that the adjuster was making the promise on August 18, 2008, was in any question or that we could not fully rely and act upon the two promises that he was making as a valid and authorized representative of Allstate"; and (6) the only way to avoid injustice is to enforce the Allstate adjuster's promise respecting medical expenses.

Further, on that same date, the Chambers filed a document titled "Appendix Five for the First Amended Original Petition Separately Against Allstate Since Severance Was Granted." That appendix consisted of (1) excerpts from a reporter's record of a January 31, 2012 hearing

on Allstate's prior motion for summary judgment that was ruled on by the trial court in its March 24, 2014 order described above and (2) a receipt respecting repairs to Jerry's motorcycle.

On May 7, 2015, Allstate filed a combined no-evidence and traditional motion for summary judgment on the Chambers's promissory estoppel claim for medical expenses. Therein, Allstate contended in part there is no evidence of "any of the four elements" of that claim, which elements Allstate described as follows: (1) the defendant made a promise to the plaintiff; (2) the plaintiff reasonably and substantially relied on the promise to his detriment; (3) the plaintiff's reliance was foreseeable by the defendant; and (4) injustice can be avoided only by enforcing the defendant's promise. Further, Allstate argued (1) any alleged promise was not sufficiently specific and definite enough to be enforced and (2) any alleged reliance on the indefinite alleged promise was unreasonable. Attached as exhibits to Allstate's motion were (1) a copy of the insurance policy of Allstate's insured; (2) excerpts from the reporter's record of the January 31, 2012 hearing on Allstate's prior motion for summary judgment described above; and (3) excerpts from a reporter's record of a September 20, 2013 hearing on that same summary judgment motion.

The Chambers filed a combined response to Allstate's no-evidence and traditional summary judgment motion. In their response, the Chambers asserted in part (1) because "Allstate admitted . . . that the promise to pay for the motorcycle actually occurred" and "Plaintiffs have alleged that they would have not released the motorcycle to the Allstate adjuster unless the property damage and the currently incurred medical expenses were both included in the Allstate adjuster's promise to pay agreement which was made on August 18, 2008," "it becomes the finder of disputed conclusions of facts duty to determine and resolve the disputed issue of whether the promise to pay agreement made by the Allstate adjuster on August 18, 2008 also included the promise to pay for the medical expenses that had already been incurred by Mr.

Chambers"; (2) because "Plaintiffs have alleged that they justifiably relied on the Allstate adjuster's promise to pay for all medical services rendered to Mr. Chambers before the August 18, 2008 date," "it becomes the finder of disputed conclusions of facts duty to determine and resolve the disputed issue of whether the Plaintiffs were harmed by relying on the Allstate adjuster's promise to pay the medical expenses already incurred by Mr. Chambers and . . . determine the dollar value of the Plaintiffs' damages"; (3) because "Plaintiffs have alleged that it was foreseeable to the Allstate adjuster that the Plaintiffs would rely on the promises made by the Allstate adjuster on August 18, 2008 and . . . they acted upon the promises . . . by signing a secondary agreement to procure the temporary payment of Mr. Chambers's medical expenses," "it becomes the finder of disputed conclusions of facts duty to determine and resolve the disputed issue of whether it was foreseeable to the Allstate adjuster that the Plaintiffs would justifiably rely o[n] the Allstate adjuster's promise"; and (4) because "Plaintiffs have alleged that it would be an injustice and against public policy for the Allstate adjuster to make promises that the insurance company can later refuse to keep," "it becomes the finder of disputed conclusions of facts duty to determine and resolve the disputed issue of whether an injustice would occur if Allstate is judicial [sic] allowed . . . to renege on the promises that the Allstate adjuster made." Further, the Chambers stated in their response, in part,

> Since reasonable minds could differ on the material disputed factual issues and conclusions of facts because neither side can present conclusive evidence except by sworn affidavit written testimony concerning exactly what was discussed by the Plaintiffs and the Allstate adjuster on August 18, 2008; it becomes the duty of the fact finder to determine if the Plaintiffs are telling the truth of the matter in their sworn affidavits or if the defense counsel has made the correct conclusive speculation about the conversation because in the summary judgment context this Court cannot resolve the conclusions of facts or the disputed facts without defense counsel presenting more than mere suspicion or speculation as to what actually was said and promised to the Plaintiffs by the Allstate adjuster on August 18, 2008.
>
> . . . .
>
> For this Court to grant Allstate's summary judgment motion this Court would have to disregard any and all of the Plaintiff's sworn affidavits that have been

previously filed with and presented to this Court and this Court would also have to accept the all [sic] of the speculations and conclusions of fact made by the defense counsel as being undisputed evidence . . . .

The Chambers's summary judgment response contained three citations to the reporter's record of the January 31, 2012 summary judgment hearing described above, a copy of which was attached to the response. Specifically, the Chambers cited (1) a statement of counsel for Allstate at that hearing that "Allstate admits that there was an offer made on the property damage"; (2) argument by Marsha at that hearing that on August 18, 2008, the liability of Allstate's insured had not been established and therefore Allstate's promise to the Chambers on that date was not contingent upon any determination of the liability of Allstate's insured, but rather "is a totally separate deal"; and (3) the trial court's question to Marsha at that hearing as follows: "And how could there be a meeting of the minds if you didn't know what the dollar amount was you were talking about?" No other evidence was cited by the Chambers or attached to their response.

At the June 4, 2015 hearing on Allstate's May 7, 2015 no-evidence and traditional motions for summary judgment, counsel for Allstate argued in part that the Chambers "attached no evidence to their summary judgment response, no evidence of any of the elements whatsoever" and "[s]o with regard to our no evidence motion, on that, that alone, the court should grant the no evidence motion." Marsha responded in part, "Allstate didn't meet their burden of summary judgment evidence because the plaintiffs plead all the necessary allegations and evidence with their sworn affidavits to prevent any summary judgment from being granted." Then, the following exchange occurred between the trial court and Marsha:

> THE COURT: Point to me in the record where there is some evidence of the elements of promissory estoppel and specifically each item of promissory estoppel.
>
> MS. CHAMBERS: Okay. Like I said, pages 3 through 5 [of Plaintiffs' summary judgment response].
>
> THE COURT: Specifically tell me what it is.

MS. CHAMBERS: Okay. That we have plead that—and there's affidavits of fact.

THE COURT: Where are they? I don't see—

MS. CHAMBERS: They're in the court records already. They're in the appendix that went with this and stuff.

THE COURT: They're in the appendix?

MS. CHAMBERS: That went with my amended petition that's before this court.

THE COURT: All right, ma'am, that is not part of the summary judgment record. I need to know where the summary judgment evidence is attached to your response to the motion for summary judgment.

MS. CHAMBERS: All I have to do is plead that there was a start and stop date.

THE COURT: Ma'am, what you have to plead is summary judgment evidence to rebut the no evidence motion for summary judgment. You have to come forward with proof of each element of your claim.

MS. CHAMBERS: Okay, and I've already done that.

THE COURT: Where is that? Show me in your response where that is.

MS. CHAMBERS: Okay. No, I didn't attach a copy of the same affidavit that the court already has.

In an order dated June 4, 2015, the trial court granted Allstate's "no-evidence and traditional motion for summary judgment" without specifying the grounds for its ruling.

The Chambers filed a timely motion for new trial in which they asserted, in part, "objections" to the trial court (1) "making conclusions of facts," (2) "not accepting Plaintiffs' affidavits," and (3) committing a "fundamental error of law" by "depriv[ing] the Plaintiffs of their due process of law." Specifically, the Chambers stated in that motion, in part, (1) "Allstate is not entitled to a no evidence summary judgment without it being found by the fact finder that the Plaintiffs' affidavit about the August 18, 2008 conversation with the Allstate adjuster should carry no weight and should not be considered by the fact finder" because "Plaintiffs' live pleadings and Affidavit in Support of the Promissory Estoppels [sic] Claim had already provided

–8–

all the necessary elements of the promissory estoppels [sic] claim"; (2) the trial court "specifically inferred that because the Plaintiffs had not attached another copy of the sworn affidavit to the Plaintiffs response to Allstate's motion that the Court was not considering the Plaintiffs prior sworn pleadings and prior sworn affidavit evidence" and "this is against the principles of law because the Court is required to consider all the evidence that has been presented to the Court previously"; (3) "it is only the Appellate Court that is required to not look through all the previous trial court pleadings made by the parties without page reference numbers"; (4) "it was ridiculous that in a case that contains 1 pleading, and 1 affidavit, and 1 appendix, and 1 motion, 1 response in the current file that the Court could not locate the one and only affidavit that was just filed on March 2nd by the plaintiffs which the plaintiffs orally told the Court about at Allstate's motion for summary judgment hearing"; (5) "this bias action by this Court has deprived the Plaintiffs of their due process of law right to a fair and impartial trial"; (6) it was "fundamental error" for the trial court to "grant a default summary judgment to Allstate just because the Plaintiffs did not attach and re-present the legally and factually sufficient previously filed sworn pleadings and sworn affidavit of the Plaintiffs to this Court again in the Plaintiffs' response to Allstate's motion that was legally and factually deficient"; and (7) "a non-moving party is not required to respond with written evidence to the moving party's summary judgment motion if the moving party has failed to establish the moving party's matter of law entitlement to be granted a traditional or no-evidence summary judgment motion due to the moving party only presenting non-written evidence of mere speculations and guesses to the Court in the moving party's motion."  Also, the Chambers stated in their motion "this plaintiff has now filed an appendix in support of this Motion for New Trial and has included all the sworn pleadings and sworn affidavit evidence that the plaintiffs have previously filed with this court

and a copy of Allstate's defective summary judgment motion just like the clerk's records would be filed with and presented to the appellate court."[3]

Following a hearing, the trial court denied the Chambers's motion for new trial. This appeal timely followed.[4]

## II. THE CHAMBERS'S ISSUES

### A. Standard of Review

We review a trial court's grant of summary judgment de novo. *See, e.g.*, *MaximusAlliance Partners, LLC v. Faber*, No. 05-13-01688-CV, 2015 WL 707033, at *2 (Tex. App.—Dallas Feb. 17, 2015, no pet.) (mem. op.) (citing *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013)). We must review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). When, as here, the trial court's summary judgment order does not specify the basis for its ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *See, e.g., Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).

We review the trial court's denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it fails to analyze the law correctly or apply the law correctly to the facts. *See, e.g.*, *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

---

[3] The copy of the Chambers's motion for new trial in the appellate record does not contain an appendix and has no evidence attached.

[4] Prior to filing their notice of appeal, the Chambers filed two separate requests for findings of fact and conclusions of law. No findings of fact and conclusions of law were issued by the trial court.

–10–

Pro se appellants are held to the same standards as licensed attorneys and are required to comply with the laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied).

### B. Applicable Law

"Promissory estoppel applies to . . . allow the enforcement of an otherwise unenforceable oral agreement when (1) the promisor makes a promise that he should have expected would lead the promisee to some definite and substantial injury; (2) such an injury occurred; and (3) the court must enforce the promise to avoid the injury." *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 438 (Tex. App.—Dallas 2002, pet. denied) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)).

Texas Rule of Civil Procedure 166a(i) governs no-evidence motions for summary judgment. TEX. R. CIV. P. 166a(i). According to that rule, "[a]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." *Id.* "The motion must state the elements as to which there is no evidence." *Id.* Further, "[t]he court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* That last requirement has been explained in the Texas Supreme Court's comment to rule 166a(i) as follows: "the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." *Id.* cmt. (1997). "A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element." *See, e.g.*, *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

–11–

When a motion for new trial is filed after summary judgment has been granted, the trial court may consider only the record as it existed prior to granting the summary judgment. *Black v. Wills*, 758 S.W.2d 809, 818 (Tex. App.—Dallas 1988, no writ); *accord Chen v. Breckinridge Estates Homeowners Ass'n, Inc.*, No. 05-03-01753-CV, 2004 WL 1813757, at *2 (Tex. App.—Dallas Aug. 16, 2004, no pet.) (mem. op.). "Generally, a party may not rely on new evidence in a motion for new trial unless it demonstrates the evidence was newly discovered and could not have been discovered through due diligence prior to the ruling on the summary judgment motion." *Indus. Clearinghouse, Inc. v. Jackson Walker, L.L.P.*, 162 S.W.3d 384, 389 (Tex. App.—Dallas 2005, pet. denied); *accord McMahan v. Greenwood*, 108 S.W.3d 467, 500 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

As a prerequisite to presenting a complaint for appellate review, the record must show (1) the complaint was made to the trial court by a timely request, objection, or motion, and (2) the trial court ruled on the request, objection or motion, or refused to rule and the complaining party objected to such refusal. TEX. R. APP. P. 33.1(a). Additionally, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

### C. Application of Law to Facts

The Chambers assert the following eighteen issues on appeal:

(1) Does the Trial Court Judgment contain a Fundamental Error of Law?

(2) Where [sic] the Appellants Constitutional Due Process of Law Rights Violated by the Judgment of the Trial Court?

(3) Was Allstate's Summary Judgment Motion Defective?

(4) Did Allstate show itself entitled to judgment "as a matter of law"?

(5) Could a Reasonable Mind have found that the Appellants presented all the necessary elements of their Promissory Estoppels Claim?

–12–

(6) Did the Appellants Active Petition and the Appellants Active Sworn Affidavits Create Genuine Material Fact Questions?

(7) Did Allstate's Pleadings in its Motion for Traditional and No-Evidence Summary Judgment Create Genuine Material Fact Questions?

(8) Did the Trial Court make Conclusions of Facts and Act as the Finder of Disputed Facts at the Summary Judgment Motion Hearing?

(9) Could Reasonable Minds reach more than one conclusion from the same factual evidence that was presented by both parties and could a Reasonable Mind Differ as to the Application, Intent and Interpretation of the same factual evidence that was presented by both parties?

(10) Is the Disputed Material Fact Question Concerning Injustice a Question of Fact that Must be Resolved by the Fact-Finder?

(11) Do the appellants have any vested interest in the subrogation agreement that they signed agreeing to pay any moneies [sic] that Allstate paid for the emergency medical expenses back to the work insurance company and do the appellants have any vested interest in the promises that the Allstate Adjuster made to appellants on August 18, 2008 in which the Adjuster promised that Allstate would pay for the damaged property and the emergency medical expenses which had already been incurred and had ceased occurring on August 6, 2008 before the promises were made since the Adjuster promised to pay the emergency medical expenses directly to the emergency medical providers or are these questions reserved for the Fact-Finding Jury?

(12) Did the Appellants present sufficient factual and legal sufficiency challenges to the Trial Court and did the Appellants present Sufficient Possible Objections and Errors of Law and Prior State Precedence and Jurisprudence to the Trial Court in the Appellants Response to Allstate's Summary Judgment Motion and did the Appellants present sufficient sworn affidavit and sworn petition evidence to the Trial Court between February 5, 2015 (when this case was remanded by to the Trial Court) and June 4, 2015 to establish that Allstate had failed to meet its required burden of proof at the June 4, 2015 Summary Judgment Motion Hearing?

(13) Were the Appellants entitled to be granted their motion for new trial since the Appellants plead and established that Allstate's motion for summary judgment was deficient and also plead and established that Allstate had not presented sufficient evidence to meet the burden of proof required for Allstate to be granted either a Traditional or No-Evidence Summary Judgment?

(14) Can a judgment that contains a fundamental error of law, because the judgment is against public policy as that due process of law public policy was granted to the public citizens in the Texas Constitution, be also actually violating the Appellants Due Process of Law Rights because of the Trial Court's Judgment;

–13–

and can this judgment later be Collaterally Attacked at Any Time and in Any Manner?

(15) Is a Trial Court required to consider all the Petitioner's Pleadings and Affidavit Evidence as True and Correct at a Summary Judgment Hearing; and is a Trial Court authorized to Act as the Disputed Fact Finder; and is a Trial Court authorized to make Conclusions of Facts in favor of the moving party at a Summary Judgment Motion Hearing; and is a Trial Court only authorized to render judgment in favor of the moving party if the moving party can establish that a reasonable mind could not differ on the application, intent and interpretation of the facts presented; and can a Trial Court find that the Petitioner has not met his burden of proof unless the moving party can conclusively disprove the existence of at least one of the elements necessary to the Petitioner's claim; and does the moving party have the burden of proof at the moving party's Summary Judgment Motion Hearing; and can a Trial Court grant additional rights and relief "by judgment" that the moving party has not shown itself entitled to "as a matter of law"?

(16) Can a Trial Court grant default summary judgment to the moving party at a summary judgment motion hearing even if the petitioner fails to respond to the moving party's motion or even if the petitioner fails to attach another copy of the Sworn Affidavits and the Sworn Petition to the Petitioner's Response, because this evidence and the necessary element pleadings and sworn evidence to defeat the moving party's summary judgment motion had already been filed with the Trial Court by the Petitioner before the moving party ever filed its summary judgment motion?

(17) Did the Appellants properly preserve for appellate review their factual and legal sufficiency challenges, and their error of law objections, and their fundamental error of law objections, and their objections to the Court acting as the disputed fact-finder, and their objections to the Court making conclusions of facts in favor of the moving party, and their objections to the Court granting additional rights and relief to Allstate "by judgment" that Allstate had not shown itself entitled to "as a matter of law" and their objections to the Court not accepting as true and correct the Sworn Petition Pleadings and the Sworn Affidavit Evidence previously on file with the Court at Allstate's summary judgment motion hearing?

(18) Should the judgment of the trial court be reversed and should this case be remanded back to the trial court with instructions to proceed to trial so the fact-finder can make all conclusions of facts and resolve all the disputed genuine material fact questions?

In their appellate brief, the Chambers do not separately argue any of these eighteen issues. Rather, they present one argument consisting of twenty-five pages without reference to any particular issues.[5]

Allstate argues on appeal (1) "[t]he trial court did not err when granting Allstate's no-evidence summary judgment motion because Chambers' response failed to produce any summary judgment evidence at all"; (2) "[t]he trial court did not abuse its discretion when denying Chambers' motion for a new trial because the trial court found no good cause to set aside its judgment"; and (3) "[the Chambers's] arguments on appeal fail to show reversible error because issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."

As a threshold matter, to the extent the Chambers's issue number eleven asks this Court to make a determination respecting a "vested interest" of the Chambers, the record does not show that issue was raised or addressed in the trial court. *See* TEX. R. APP. P. 33.1(a). Further, in issue number fourteen, the Chambers assert arguments respecting violation of "public policy." However, nowhere in their appellate brief do the Chambers provide argument or authority respecting how "public policy" was violated in this case. *See* TEX. R. APP. P. 38.1(i); *see also Huey v. Huey*, 200 S.W.3d 851, 854–55 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite

---

[5] Further, in a reply brief in this Court, the Chambers state in part,

> [Allstate] is seeking for the Petitioners to have the burden of proof at Allstate's summary judgment hearing even when Allstate DID NOT present any conclusive proof or state statute or fundamental rule of law that the Petitioners had the burden to respond to and made NO defensive claims that the Petitioners had not already responded to in the documents that were previously filed with the court and therefore were before the court on June 4, 2015.
>
> All the disputed issues in this case were well known to the trial court and the trial court was fully aware that the written evidence in the Petitioners Active Appendixes One–Five had contained the necessary evidence to actually prevent Allstate from being able to conclusively establish that Allstate had any matter of law entitlement to be granted its traditional or no-evidence summary judgment and the trial court was also well aware that at the very least the Petitioners had filed sufficient sworn affidavits to defeat any summary judgment motion filed by Allstate.

. . . .

> . . . In this case the Petitioners even established the connection between each allegation made and each of the necessary elements of the Petitioners claims therefore, Allstate absolutely did not establish that it was entitled to a no-evidence summary judgment as a matter of law because the Petitioners are not required to present evidence to establish that they are entitled to judgment as a matter of law just to defeat the moving parties no-evidence summary judgment because the necessary element pleadings and allegations made by the Petitioners are sufficient to defeat the no-evidence summary judgment unless the moving party can conclusively disprove at least one of the necessary elements of the Petitioners claims

> . . . .

(emphasis original).

applicable authority or provide substantive analysis waives an issue on appeal."). Consequently, we conclude issues number eleven and fourteen present nothing for this Court's review.

As to the Chambers's remaining sixteen issues, we begin by addressing together issues number one through ten, number twelve, and number fifteen through eighteen, all of which pertain to the Chambers's challenge to the trial court's granting of summary judgment in favor of Allstate. We construe the Chambers's arguments in their appellate brief and reply brief on appeal to assert that the trial court's granting of summary judgment in favor of Allstate constituted "fundamental error" and violated the Chambers's "constitutional due process of law rights" because (1) Allstate's motion for summary judgment was "defective" and (2) the Chambers's "pleadings and affidavit evidence" raised a genuine issue of material fact as to the challenged elements.

With respect to the alleged defectiveness of Allstate's no-evidence motion for summary judgment, the Chambers argue in part (1) that motion "established that Allstate's pleadings were deficient and established that Allstate had not carried its required burden of proof because Allstate's summary judgment pleadings only established that there may be genuine fact questions which are reserved for the fact-finding jury" and (2) "it is fundamental law that the summary judgment movant is required to produce more evidence than just the amount of evidence to create genuine material fact questions before the movant in a summary judgment motion can be granted their traditional or no-evidence summary judgment." Having reflected on these contentions, we note the record shows Allstate's May 7, 2015 no-evidence motion for summary judgment challenged each of the elements of the Chambers's promissory estoppel claim, rather than offered evidence. Accordingly, on this record, we cannot agree with the Chambers's position that Allstate's no-evidence motion for summary judgment was deficient or that Allstate did not "carr[y] its required burden of proof" respecting that motion. *See* TEX. R. CIV. P. 166a(i)

("After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.").

Next, we turn to the Chambers's "constitutional due process of law" argument. In their appellate brief, the Chambers cite generally to *HS Tejas, Ltd. v. City of Houston*, 462 S.W.3d 552 (Tex. App—Houston [1st Dist.] 2015, no pet.), and assert in part as follows:

> [T]he trial court had to accept all the plaintiffs allegations as true including all the plaintiffs sworn affidavits and the sworn petition that had already been presented to the trial court and that means that any appellate court opinion that does not find that the trial court must construe the pleading in favor of the plaintiff at the preliminary stage of the proceedings; would be in direct conflict with the Houston Court of Appeals 2015 Opinion and would therefore, be ripe for the Texas Supreme Court to review for Constitutional Due Process of Law Issues.
>
> . . . .
>
> . . . [T]he Movant had the burden of proof in a summary judgment motion since the pleadings of the appellants had already established that the appellants had plead and alleged all the necessary elements of the promissory estoppels [sic] cause of action therefore, Allstate had the burden of proof at the hearing on Allstate's traditional and no-evidence summary judgment hearing instead of the Appellants.

Further, in their reply brief on appeal, the Chambers argue in part that the trial court's summary judgment was improper because "at the 'plea stage' the Petitioners are not required to prove their case just to defeat the moving party's summary judgment motion and the Petitioners are only required to plead facts, not prove them, that at least create a fact question about each of the four necessary elements of their [promissory estoppel claim]."

*HS Tejas, Ltd*. involved a lawsuit filed against the City of Houston. *Id*. at 555. The City challenged subject-matter jurisdiction on the express ground that no evidence supported the pleadings and the trial court granted the City's plea to the jurisdiction. *Id*. at 557. The First District Court of Appeals stated it had expressly held in prior cases that a trial court's subject-matter jurisdiction cannot be challenged by a no-evidence motion for summary judgment and "a

–17–

plaintiff generally will not be required to marshal evidence and prove a claim just to overcome a plea to the jurisdiction." *Id*. Based on that precedent, the court of appeals concluded the City had failed to meet its burden to challenge jurisdiction. *Id*.

Because the case before us does not involve a plea to the jurisdiction, *HS Tejas, Ltd.* is inapposite. Further, "pleadings are not competent summary judgment evidence, even if sworn or verified." *Sher v. Fun Travel World, Inc*., 118 S.W.3d 500, 502 (Tex. App.—Dallas 2003, no pet.) (citing *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)). We cannot agree with the Chambers's position that their "pleadings" in this case precluded the granting of Allstate's no-evidence motion for summary judgment.

Now, we consider the Chambers's arguments respecting the "factual evidence" they contend satisfied their evidentiary burden. In light of our conclusion above that Allstate's no-evidence motion for summary judgment was not "defective," the Chambers had the burden to "produce[] summary judgment evidence raising a genuine issue of material fact" as to the elements challenged in that motion. *See* TEX. R. CIV. P. 166a(i). This required the Chambers to "point out evidence that raises a fact issue on the challenged elements." *Id*. cmt. (1997).

In *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193 (Tex. 2002), the supreme court specifically addressed the burden to "point out" evidence supporting each challenged element in response to a no-evidence motion for summary judgment. In that case, a law firm sued its former associate and another lawyer, asserting causes of action for breach of fiduciary duty, actual and constructive fraud, conversion, negligence, and conspiracy. *Id*. at 198. The individual attorneys filed a no-evidence motion for summary judgment, claiming in part there was no evidence of the "unlawful purpose" of the conspiracy claim. *Id*. The trial court granted the individual attorneys' motion for summary judgment and the court of appeals affirmed, concluding the law firm's response to the motion for summary judgment did not tie facts in the

record to the specifically challenged elements of the conspiracy claim. *Id.* On review before the Texas Supreme Court, that court observed that although none of the headings or subheadings in the response identified the conspiracy claim, the response "detailed evidence" and "[a]fter identifying this evidence, Brewer & Pritchard asserted in a single sentence, '[t]hese facts clearly evidence a sloppy but, thus far effective scheme to funnel [funds to the individual attorneys].'" *Id.* at 207. The supreme court concluded the law firm's summary judgment response "met the minimum requirements of Rule 166a(i)." *Id.* at 207–08.

Subsequently, *Brewer & Pritchard, P.C.* has been distinguished by this Court and other courts of appeals. One such case, *MaximusAlliance Partners*, involved a no-evidence motion for summary judgment that challenged all three elements of the plaintiff's claim for aiding and abetting breach of fiduciary duty. *See* 2015 WL 707033, at *8. This Court observed (1) the plaintiff's summary judgment response "did not identify what evidence supported the conclusion that [one of the defendants] was an 'agent' or how the [other defendants] 'knew' this" and (2) "the portions of [plaintiff's] response that discussed the aiding and abetting claim did not cite any evidence to support the assertions being made." *Id.* Then, this Court stated in part,

> We recognize that, under *Brewer & Pritchard, P.C.*, to satisfy the requirement that a respondent "point out" evidence supporting a claim, it is not necessary for the response to address the evidence and the claims by laying out each element of each claim and matching up the evidence to each element. However, one must do more than itemize the evidence and then, in a section totally separate from the recitation of the evidence, offer general conclusions that "[t]he above evidence conclusively establishes each element of the Plaintiff's claims for aiding and abetting by the [appellees]."

*Id.* at *9 (citations omitted). This Court concluded the plaintiff's response to the no-evidence summary judgment motion was "insufficient under the requirements of rule 166a(i)." *Id.*

In another case, *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518 (Tex. App.— Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.), a client, Jeffrey Michael Burns, filed a lawsuit against his attorney and his attorney's employer claiming, *inter alia*, negligence,

fraud, and breach of fiduciary duty. The defendants filed a no-evidence motion for summary judgment, which was granted by the trial court. *Id*. at *2. On appeal, the Fourteenth District Court of Appeals agreed with the trial court that Burns's response was inadequate to satisfy his burden of proof to defeat a no-evidence motion for summary judgment. *Id*. at *4. That court observed in part that Burns's response "cites to neither evidence nor authority." *Id*. at *5. Additionally, that court stated in part,

> Burns contends it would not have been unduly burdensome for the trial court to review his evidence, because his response contained only 122 pages of evidence. The number of pages, however, is not dispositive. The issue is whether the trial court must search through all of the non-movant's evidence to determine if a fact issue exists without any guidance concerning what evidence creates an issue on a particular element. Under the Rules of Civil Procedure, the party seeking to avoid the effects of a well-pleaded no-evidence motion for summary judgment bears the burden to file a written response that raises issues preventing summary judgment, and that points to evidence supporting those issues. Where the nonmovant fails to meet that burden, the trial court is not required to supply the deficiency, but instead must grant the motion.

*Id*. at *6 (citations omitted); *see also Levine v. Unique Beverage Co.*, No. 05-11-01467-CV, 2013 WL 1281896, at *3 (Tex. App.—Dallas Mar. 19, 2013, pet. denied) (mem. op.) (trial court was not required to search through ninety-eight pages of evidence attached to plaintiff's response to locate summary judgment evidence raising genuine issue of material fact without more specific guidance from plaintiff); *Norris v. Tenet Houston Health Sys.*, No. 14-04-01029-CV, 2006 WL 1459958, at *10 (Tex. App.—Houston [14th Dist.] May 30, 2006, no pet.) (mem. op.) ("A trial court does not abuse its discretion when it does not consider summary judgment proof to which a movant does not specifically direct the trial court's attention.").

In the case before us, the Chambers attached to their summary judgment response the reporter's record of the January 31, 2012 summary judgment hearing described above. Among the Chambers's three citations to that reporter's record were citations to (1) a statement of counsel for Allstate at that hearing that "Allstate admits that there was an offer made on the

property damage" and (2) argument by Marsha at that hearing that on August 18, 2008, the liability of Allstate's insured had not been established and therefore Allstate's promise to the Chambers on that date was not contingent upon any determination of the liability of Allstate's insured, but rather "is a totally separate deal."[6] The Chambers assert in their appellate brief,

> [I]t is indisputable that Allstate is admitting one part of the August 18, 2008 promise made by the Allstate adjuster; while Allstate is denying the second part of the same August 18, 2008 promise made by the Allstate adjuster which was made at the exact same time and therefore, at most this is a disputed genuine issue of material fact question because reasonable minds could reach more than one conclusion from these set of facts since a reasonable mind could find that since Allstate admits to one part of the same promise that the other part of the same promise might also have occurred therefore, summary judgment on this disputed fact question is not authorized because disputed facts are reserved for the fact finding jury and it is fundamental law that the Court must resolve all inferences in favor of the non-moving party and accept all pleadings of the non-moving party as true and correct at the summary judgment preliminary stage of the proceeding.

Also, the Chambers contend Marsha's argument at that hearing shows "Allstate's contract with [the insured] has absolutely no effect upon the Appellants separate promissory estoppels [sic] defensive claim that the Appellants have against Allstate."

The Chambers cite no authority, and we have found none, to support their position that evidence of Allstate's undisputed promise to pay approximately $3,000 in property damage for Jerry's motorcycle constitutes evidence of a promise to also pay more than $200,000 in medical expenses. We cannot agree with that position. Further, to the extent the Chambers assert Marsha's argument at the January 31, 2012 summary judgment hearing described above pertains to the element of reliance, the Chambers do not explain, and the record does not show, how that argument constitutes evidence.

Moreover, the Chambers were required to point out evidence that raises a fact issue on each of the challenged elements. *See* TEX. R. CIV. P. 166a(i). The Chambers do not assert, and

---

[6] As described above, the third citation in the Chambers's response was to a question asked by the trial court respecting a "meeting of the minds." The Chambers do not specifically address that question on appeal or explain how that question constitutes evidence.

–21–

the record does not show, that their citations to the January 31, 2012 reporter's record attached to their response addressed all of the challenged elements. Rather, the Chambers contend evidence raising a fact issue on each of those elements is contained in their "active sworn affidavits." The record shows (1) the Chambers's summary judgment response referred to "any and all of the Plaintiff's sworn affidavits that have been previously filed with and presented to this Court" and (2) during the hearing on Allstate's May 7, 2015 motion for summary judgment, Marsha stated she was relying on "affidavits of fact" contained in "the appendix that went with [the Chambers's amended petition] and stuff." According to the Chambers, such affidavits "had already been placed before the Trial Court" at the time each was filed and therefore were "already required to be considered by the Trial Court on June 4, 2015." However, no affidavits filed by the Chambers in this case or in the cause of action from which this case was severed were attached to or cited in the Chambers's summary judgment response.

This Court has stated that in responding to a no-evidence motion for summary judgment, "one must do more than itemize the evidence and then, in a section totally separate from the recitation of the evidence, offer general conclusions that '[t]he above evidence conclusively establishes each element of the Plaintiff's claims.'" *MaximusAlliance*, 2015 WL 707033, at *9. In the case before us, the record does not show the Chambers "itemized the evidence" or met the additional requirements described in *MaximusAlliance*. *See id*. Further, to the extent the Chambers contend the trial court was required to search the record for evidence contained in "any and all of the Plaintiff's sworn affidavits that have been previously filed with and presented to this Court," the case law does not support that position. *See Burns*, 2006 WL 461518, at *6; *Levine*, 2013 WL 1281896, at *3; *Norris*, 2006 WL 1459958, at *10. On this record, we

conclude the trial court did not err by granting Allstate's no-evidence motion for summary judgment.[7] *See* TEX. R. CIV. P. 166a(i).

Finally, in their thirteenth issue, the Chambers contend they were "entitled to be granted their motion for new trial since the Appellants plead and established that Allstate's motion for summary judgment was deficient and also plead and established that Allstate had not presented sufficient evidence to meet the burden of proof required for Allstate to be granted either a traditional or no-evidence summary judgment." As described above, when a motion for new trial is filed after summary judgment has been granted, the trial court may consider only the record as it existed prior to granting the summary judgment. *See Black*, 758 S.W.2d at 818; *Chen*, 2004 WL 1813757, at *2. We concluded above that the record shows Allstate's motion for no-evidence summary judgment was not deficient and Allstate met its burden respecting that motion. Therefore, we disagree with the Chambers's position that they were entitled to a new trial for the reasons specifically complained of in their thirteenth issue.

Additionally, (1) the Chambers assert in part in their brief on appeal "it was established that the no-evidence summary judgment was granted because of the appellants failure to attach to the appellants response some type of additional evidence or attach another copy of the sworn affidavit evidence and written evidence that the appellants had previously filed with the trial court" and (2) the record shows the Chambers stated in their motion for new trial "this plaintiff has now filed an appendix in support of this Motion for New Trial and has included all the sworn pleadings and sworn affidavit evidence that the plaintiffs have previously filed with this court." To the extent the Chambers's argument on appeal can be construed to assert they should have

---

[7] As described above, the Chambers assert in their ninth issue that reasonable minds could reach more than one conclusion from "the same factual evidence that was presented by both parties." In their briefing on appeal, the Chambers contend in part "the summary judgment evidence presented by Allstate . . . contains NO sworn affidavit evidence and contains NO written evidence to conclusively disprove any of the Appellants' allegations and sworn affidavit evidence." (emphasis original). However, the Chambers do not address or explain, and the record does not show, how any evidence "presented by Allstate" raises a fact issue on the challenged elements of promissory estoppel.

been granted a new trial based on new evidence, the Chambers do not assert, and the record does not show, the evidence in question was newly discovered and could not have been discovered through due diligence prior to the court's ruling on the motion for summary judgment. *See Indus. Clearinghouse, Inc.*, 162 S.W.3d at 389; *McMahan*, 108 S.W.3d at 500. On this record, we conclude the trial court's denial of the Chambers's motion for new trial was not an abuse of discretion. *See Waffle House, Inc.*, 313 S.W.3d at 813.

We decide the Chambers's eighteen issues against them.

## III. CONCLUSION

We decide against the Chambers on their eighteen issues. The trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

151076F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JERRY CHAMBERS, MARSHA
CHAMBERS, AND JASON CHAMBERS,
Appellants

No. 05-15-01076-CV        V.

ALLSTATE INSURANCE COMPANY,
Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 87353-422.
Opinion delivered by Justice Lang, Chief
Justice Wright and Justice Bridges
participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

     It is **ORDERED** that appellee ALLSTATE INSURANCE COMPANY recover its costs
of this appeal from appellants JERRY CHAMBERS, MARSHA CHAMBERS, AND JASON
CHAMBERS.

Judgment entered this 9th day of June, 2016.