Opinion issued May 29, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00057-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**MELISSA KELLY, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-31260**

---

## MEMORANDUM OPINION

This interlocutory appeal involves governmental immunity for a premises-defect claim. Melissa Kelly alleges she was injured while working at William P. Hobby Airport ("Hobby Airport"). She sued the City of Houston ("the City"), which owns Hobby Airport, claiming her injuries were caused by a defect in the condition of the property. She contends the City's governmental immunity is waived by

certain sections of the Texas Tort Claims Act ("TTCA"). The City filed a plea to the jurisdiction, which the trial court denied. We affirm.

## I.    Background[1]

At the time of her July 2018 injury, Kelly was employed by Southwest Airlines ("Southwest") as a ramp agent. The City owns, possesses, and operates Hobby Airport, and Southwest leases a portion of Hobby Airport from the City. Southwest's gates have potable water cabinets that ramp agents use to refill water on Southwest's aircraft. The water cabinets are permanently affixed to the tarmac and are owned by the City. Each water cabinet contains a long hose that ramp agents drag to the rear of the aircraft to refill the water tank. When the tank is full, the ramp agent activates a machine inside the cabinet to retract the hose.

The water cabinets at gates serving domestic flights are equipped with a "slider guide" that helps spool the hose back inside the water cabinet during retraction. But the water cabinets at the gates serving international flights do not have slider guides, including at Gate 2, which is the subject of this lawsuit. For water cabinets without a slider guide, the ramp agent must hold the hose as it re-spools, which requires the agent to keep her hands near the cabinet's metal doors.

---

[1]    This section is based on Kelly's allegations and statements made in affidavits and deposition excerpts attached to her response to the City's plea to the jurisdiction.

2

During re-spooling, the hose can hit the side of the cabinet, causing it to vibrate and shake.

Kelly was working as a ramp agent at Gate 2. After refilling a plane's water tank, she activated the water cabinet's machine to retract the hose. As Kelly was using her hands to guide the hose back onto the spool, the cabinet's metal door allegedly closed on her hand, causing her injuries.

Kelly sued the City for personal-injury damages. She alleged the City's governmental immunity was waived under several sections of the TTCA, including section 101.0215(b), relating to a municipality's proprietary functions. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(b). After multiple trial continuances, the City filed a plea to the jurisdiction arguing the trial court lacks jurisdiction because Kelly's claims fall outside the TTCA's immunity waiver. In relevant part, the City argued (1) Kelly's allegations were insufficient to demonstrate the City's immunity was waived under section 101.0215(b), and (2) Kelly had no evidence regarding the actual-knowledge elements—the City's actual knowledge of the unreasonably dangerous condition and Kelly's lack of actual knowledge regarding the same—of what the City described as a licensee premises-liability claim.

Kelly amended her petition in response to the City's plea, alleging she was an invitee and that her claims fell within the TTCA's immunity waiver under sections 101.021(2) and 101.022(a), relating to premises-liability claims. *See id.*

3

§§ 101.021(2), .022(a). She also continued to rely on section 101.0215(b).

Regarding her premises-liability claim, Kelly alleged:

> [The City] owned the potable water cabinet located at Gate 2 on the tarmac of the international terminal, owned its contents, knew or reasonably should have known of this dangerous condition, and breached its duty owed to [her] by not adequately warning her of the condition (there was no warning on the cabinet or other warning otherwise conveyed to [her]), and by not making the condition reasonably safe[.]

Kelly also filed a response to the City's plea, arguing that she was an invitee, not a licensee as the City asserted. Kelly presented deposition and affidavit evidence in support of her response.

The City did not amend its plea after Kelly filed the amended petition. The trial court denied the City's plea after submission without oral argument. The City now brings this interlocutory appeal.

## II.    Analysis

In its first two issues, the City—assuming Kelly is a licensee notwithstanding her allegations and arguments that she is an invitee—argues there is no evidence that the City had, and Kelly lacked, actual knowledge of the alleged dangerous condition of the water cabinet.[2] And in its reply brief, the City raises additional issues regarding the sufficiency of certain of Kelly's jurisdictional allegations.

---

[2]    The City does not argue on appeal that Kelly's claim sounds in something other than premises liability, and we do not address this issue.

4

## A.    Relevant law and standard of review

As a political subdivision of the state, the City is "immune from suit unless [its] immunity is waived by state law." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). "The party suing the governmental unit bears the burden of affirmatively showing waiver of immunity." *Id.* (citing *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019)). There is "a presumption against any waiver until the plaintiff establishes otherwise." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023).

"[I]mmunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Pleas to the jurisdiction fall into two basic categories: (1) challenges to the plaintiff's pleadings and (2) challenges the existence of jurisdictional facts. *Id.* at 226–27. The Supreme Court of Texas recently made clear that the government has the option to challenge the existence of jurisdictional facts in a plea to the jurisdiction in a manner similar to "a no-evidence motion for summary judgment by asserting that the plaintiff has produced no evidence of an element required for the immunity waiver to apply." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024). In that situation, the plaintiff is required to produce sufficient evidence to create a genuine issue of material fact on the challenged elements. *Id.* at 447–48; *see also Town of Shady Shores v. Swanson*,

590 S.W.3d 544, 551 (Tex. 2019). The evidence is considered in the light most favorable to the plaintiff, and we review the trial court's ruling de novo. *See Swanson*, 590 S.W.3d at 551; *Polk v. Tex. Office of Consumer Credit Comm'r*, No. 01-22-00712-CV, 2024 WL 4205060, at *8 (Tex. App.—Houston [1st Dist.] Sept. 17, 2024, no pet.) (mem. op.).

**B.    The City's plea did not challenge Kelly's premises-liability claim based on invitee status**

In its plea, the City challenged the existence of jurisdictional facts, arguing Kelly had not established the City had, and Kelly lacked, actual knowledge of the alleged dangerous condition underlying her premises-liability claim. On appeal, the City points to Kelly's evidence that (1) the cabinet door shutting was a dangerous condition known to some Southwest employees and which had been reported to Southwest supervisors, (2) other ramp agents' hands had been slammed by water cabinet doors, including Gate 2's cabinet door, (3) the City's employees did not assist Kelly with using the cabinets, and she does not think she has seen the City's employees near the cabinets, and (4) Kelly had used Gate 2's cabinet twenty to thirty times in the prior year. The City argues that these facts do not show (but actually negate) that the City had, and Kelly lacked, actual knowledge of the dangerous condition. The City contends that because Kelly is a licensee, these are necessary elements of Kelly's premises-liability claim.

6

However, Kelly pleaded in her First Amended Petition, and argued in her plea response, that she was an invitee, not a licensee, specifically because Southwest paid the City to use the premises where the accident occurred. *See* TEX. CIV. PRAC. & REM CODE § 101.022(a) (providing that, generally, "if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, *unless the claimant pays for the use of the premises*" (emphasis added)). In support of her position, Kelly alleged that the City leased Hobby Airport to Southwest, which paid for the use of the premises, meaning Kelly is an invitee, not a licensee.

The City did not address Kelly's invitee argument in its plea or opening brief, nor did it dispute that Southwest pays the City for use of the premises under the referenced lease. The City merely assumed without explanation that licensee status applied to Kelly's premises-liability claim. In her brief, Kelly asserts that she "pleaded and proved" invitee status, and thus she need not establish that the City had actual knowledge of the dangerous condition (constructive knowledge would suffice) or that she lacked actual knowledge. The City replied Kelly was a licensee because she relied on section 101.022(a), which provides the government owes "the duty that a private person owes to a licensee on private property," but the City omitted the last part of the section stating "unless the claimant pays for the use of the premises." *Id.*

7

We reject the City's contention that Kelly's reliance on section 101.022(a) by itself establishes she was a licensee. The City does not challenge or address Kelly's allegation that she was an invitee because Southwest paid the City for use of the premises. Kelly has sufficiently pled that she was an invitee by alleging Southwest paid the City via a lease for use of the premises and the City continued to possess and operate the premises during the lease. *See id.*; *City of El Paso v. Viel*, 523 S.W.3d 876, 891–96 (Tex. App.—El Paso 2017, no pet.) (concluding employee of company that paid municipality to use airport was an invitee pursuant to section 101.022(a)).

A premises owner owes a more demanding duty to an invitee than to a licensee. *See Harris Cnty. v. McFarland*, No. 01-24-00331-CV, 2025 WL 51847, at *7 (Tex. App.—Houston [1st Dist.] Jan. 9, 2025, pet. denied) (mem. op.). While a licensee-plaintiff must prove both that the premises owner had actual knowledge of the unreasonably dangerous condition and that she lacked actual knowledge of the condition, an invitee-plaintiff need only establish that the government knew or "should have known" of the condition that posed an unreasonable risk of harm and need not establish she lacked actual knowledge of the condition. *See Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *see also Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024) (listing elements of premises-liability

claim when plaintiff is invitee). Because the City's plea focused only on actual knowledge, and did not challenge the elements of Kelly's premises-liability claim based on her invitee status,[3] the City was not entitled to dismissal via its plea. We overrule the City's first two issues.

## C. Kelly's jurisdictional allegations

The City makes three new challenges to Kelly's jurisdictional allegations in its reply brief to this Court. Assuming without deciding that we should consider these pleadings-based challenges, the question is whether Kelly's factual allegations "affirmatively demonstrate the trial court[']s jurisdiction," a question of law we review de novo. *Miranda*, 133 S.W.3d at 226–27.

First, the City contends that Kelly's allegation the City "knew or reasonably should have known" of the water cabinet's dangerous condition is a conclusory statement not supported by sufficient factual details to establish the City "had actual knowledge of the dangerous condition." As already discussed, Kelly alleged she was an invitee because Southwest paid the City for use of the subject premises, and the City has not challenged this allegation. Accordingly, for purposes of this appeal, the City's "actual knowledge" is not an element of Kelly's premises-liability claim.

---

[3] The City asserts in its briefing that the evidence establishes the City did not have constructive knowledge of the alleged dangerous condition. The City also argues in its reply brief that Kelly did not prove via evidence that the metal cabinet door created an unreasonable risk of harm. Because the City did not make these evidentiary challenges in its plea to the jurisdiction, we do not consider them.

Second, the City contends that Kelly alleged insufficient facts to demonstrate the water cabinet door was an "unreasonable risk of harm." Kelly alleged that, while she was "guiding a hose during motorized retraction used to provide potable water to outbound flights during layovers, a metal door on the potable water cabinet closed violently and without warning on [her] hand," causing injuries. She also alleged the cabinet door "could and did slam shut violently as a result of the vibration and/or shaking of the cabinet during spooling/unspooling operations caused by the motorized equipment." Kelly attributed these events to the City's failure to "mak[e] the condition [of the cabinet] reasonably safe, such as with use of a different design for the cabinet," and she alleged different design options would have alleviated or eliminated the cabinet's dangerous condition, such as "the installation of a simple latch, bracket[,] or pin" to secure the cabinet's doors in place during re-spooling operations.

Construing Kelly's allegations liberally in favor of jurisdiction, as we must, we conclude these allegations are sufficient to demonstrate that the water cabinet door presented an "unreasonable risk of harm." *See HS Tejas, Ltd. v. City of Houston*, 462 S.W.3d 552, 556 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("When a plea to the jurisdiction challenges the adequacy of the facts pleaded in a petition, courts must construe the pleadings liberally in favor of the plaintiff."); *City of El Paso v. Chacon*, 148 S.W.3d 417, 426 (Tex. App.—El Paso 2004, pet. denied)

10

(concluding in special-defect case that plaintiff "sufficiently pled an unreasonable risk of harm, the first element, by stating that the hole was large, gaping, uncovered, and located on a pedestrian sidewalk").[4]

Third, the City argues Kelly's petition does not contain allegations to "negate any provisions [of the TTCA] that create exceptions to, and thus withdraw[,] the waiver" of immunity it creates. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.051–.067 (providing exceptions to immunity waiver). The Supreme Court of Texas has explained that a plaintiff suing a governmental unit must allege facts that bring a claim within a waiver of immunity, including alleging facts to negate the TTCA's exceptions to governmental immunity that are "plausibly implicate[d], which will depend on the nature of the dispute." *Rattray*, 662 S.W.3d at 867–68. The Supreme Court expressed "[i]t will be readily apparent in most cases" which exceptions are plausibly implicated, and when exceptions are not plausibly implicated, the plaintiff need not negate them. *Id.* at 868. The Supreme Court also placed a burden on the defendant to advise when the plaintiff's allegations fail to address relevant exceptions: "if the plaintiff omits or otherwise fails to negate a relevant exception to the waiver, the defendant should speak up." *Id.*

---

[4] Again, the City does not argue on appeal that Kelly's claim sounds in something other than premises liability, and we do not address this issue.

The City does not identify what, if any, TTCA exceptions Kelly's allegations plausibly implicate, instead referring broadly to "the TTCA's exceptions and exclusions" without citing to any specific statutory provision. It is also not readily apparent to us that any TTCA exception is plausibly implicated by the alleged facts such that Kelly was required to negate it in her pleadings. Thus, we reject the City's argument.

We overrule the City's reply issues.[5]

### III.    Conclusion

We affirm the trial court's order denying the City's plea to the jurisdiction.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

---

[5]  Because of our disposition, we need not consider whether the City's immunity was also waived under TTCA section 101.0215, regarding proprietary functions. *See City of Houston v. Sandoval*, No. 01-23-00806-CV, 2025 WL 863777, at *6 n.4 (Tex. App.—Houston [1st Dist.] Mar. 20, 2025, no pet.) (mem. op.).