

# NUMBER 13-24-00401-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

COUNTY OF HIDALGO, TEXAS, Appellant,

v.

FABIANA CARLOS, Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 7
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice Fonseca**

Appellant County of Hidalgo, Texas argues by two issues that the trial court improperly denied its plea to the jurisdiction based on governmental immunity. It first argues that appellee Fabiana Carlos failed to demonstrate that it had actual knowledge of a dangerous condition. Appellant also argues that appellee was aware of the dangerous condition. We reverse and remand.

## I.     BACKGROUND

This appeal arises from a slip and fall incident that occurred at the Hidalgo County Courthouse. On September 17, 2019, appellee was walking across a makeshift walkway outside of the courthouse when she allegedly fell due to a negligent condition of the property. Appellee alleges that a contractor, Morganti Construction, was responsible for creating the makeshift walkway and that appellant's employees were responsible for maintaining the walkway and keeping it clean. Appellee's petition contained photos that she claims demonstrated the area was unsafe.

Appellee filed suit on June 2, 2021. Appellant answered on June 28, 2021, and, after appellee amended her petition, appellant filed its own amended pleading that included a plea to the jurisdiction. Appellant filed a brief in support of its plea to the jurisdiction on April 12, 2023, arguing that it is immune from tort liability except in areas where the Texas Legislature specifically waives immunity. Appellee did not file a response to the plea to the jurisdiction. The trial court held a hearing on the plea to the jurisdiction on July 31, 2024, and thereafter denied it via written order on August 5, 2024. This accelerated interlocutory appeal followed. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.     APPENDIX DOCUMENTS

As a preliminary matter, appellee complains that appellant has attached documents to its brief as Appendix D that were not part of the appellate record. It is well-resolved that "we do not consider attachments to briefs that were not part of the trial court record and are not formally included in the appellate record." *Black v. Shor*, 443 S.W.3d 170, 174 n.3 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (citing *Guajardo v.*

*Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (further citations omitted)). Upon review of Appendix D, we have determined that it includes photos that were not part of the trial court record and are not part of the appellate record. As such, we agree with appellee, and we will not consider the two photos included for the first time in Appendix D.

### III.    ANALYSIS

Appellant complains that the trial court erred in two regards when it denied the plea to the jurisdiction, both related to appellant's governmental immunity. First, appellant complains that appellee failed to present any evidence that appellant had actual knowledge of the alleged dangerous condition, which was required to establish a statutory waiver of immunity. Second, appellant argues that it retained immunity because appellee was aware of the alleged dangerous condition.

### A.    Standard of Review

"A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case." *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (citing *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015)). "The trial court's ruling on a plea to the jurisdiction is a question of law we review de novo." *Id.* (citing *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016)). In de novo review, no deference is given to the trial court's decision. *See In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)).

Challenges to jurisdiction can be based either on pleadings or on the jurisdictional facts. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). When reviewing pleadings, this Court must "determine if the pleader has alleged facts that affirmatively demonstrate the

3

court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Pleadings are construed liberally in favor of the pleader and a plaintiff "should be afforded the opportunity to amend" if the challenged jurisdictional defect may be cured with further factual allegations. *Tex. Tech. Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024). A court cannot sustain a plea to the jurisdiction if the pleadings generate a fact question. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam); *see also City of Corpus Christi v. Muller*, No. 13-18-00443-CV, 2019 WL 2384162, at *1 (Tex. App.—Corpus Christi–Edinburg June 6, 2019, no pet.) (mem. op.).

If jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment where we consider evidence necessary to resolve the jurisdictional issues. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770–71 (Tex. 2018). It is foundational that the "party suing the governmental entity bears the burden of affirmatively showing waiver of immunity." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). Thus, a plaintiff can only survive a plea to the jurisdiction "by showing that the statute 'clearly and affirmatively waive[s] immunity' and by also 'negating any provisions that create exceptions to, and thus withdraw, that waiver.'" *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023)). While a plaintiff need not anticipate every possible defense, if their pleadings indicate a particular defense, the government is not charged with producing additional evidence to invoke that defense. *Id.*

Thus, a plea to the jurisdiction can be "like a no-evidence motion for summary judgment by asserting that the plaintiff has produced no evidence of an element required

4

for the immunity waiver to apply." *Id.* In such a circumstance, the plaintiff can then respond by producing evidence of that waiver. *Id.* The controlling question, regardless of who attached evidence, is "whether the nonmovant raised a fact issue to preclude summary judgment." *Fossil Grp., Inc. v. Harris*, 691 S.W.3d 874, 882 (Tex. 2024). The plaintiff ultimately bears the evidentiary burden to establish a waiver of immunity. *Powell*, 704 S.W.3d at 448.

**B. Applicable Law**

Political subdivisions of the State, including appellant, are generally immune from suit unless immunity has been clearly and unambiguously waived by the legislature. TEX. GOV'T CODE ANN. § 311.034; *City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018). Immunity from suit is properly asserted through a plea to the jurisdiction. *See Clark*, 544 S.W.3d at 770 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). The Texas Tort Claims Act (TTCA) waives immunity for "personal injury . . . [proximately] caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law" on a premises liability theory. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.022(a), 101.025; *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384–85 (Tex. 2016) (noting that "a claim for a condition or use of real property is a premises defect claim under the [TTCA]"). Premises liability is a theory of liability where a static condition of the property, such as an uneven surface, causes the injury rather than an active use of the property. *Sampson*, 500 S.W.3d at 390.

However, the only duty a governmental unit owes for premises liability is the same duty "that a private person owes to a licensee on private property, unless the claimant

5

pays for use of the premises." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). There is

no allegation that appellee paid for use of the premises. Therefore:

> the duty owed to a licensee on private property requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not."

*Sampson*, 500 S.W.3d at 385 (quoting *State Dep't of Highways & Pub. Transp. v. Payne*,

838 S.W.2d 235, 237 (Tex. 1992) (further citations omitted)). Appellee does not allege

there was willful, wanton, or grossly negligent conduct. Therefore, the elements required

to prove premises liability are:

> (1) a premises condition created an unreasonable risk of harm;

> (2) appellant had actual knowledge of the condition;

> (3) appellee did not know of the condition;

> (4) appellant failed to exercise ordinary care; and

> (5) the failure to exercise ordinary care was the proximate cause of appellee's injury.

*Id.* at 391 (citing *Payne*, 838 S.W.2d at 237). If there is no evidence of any one of these

elements, then denial of the plea to the jurisdiction was improper. *Id.* Appellant contends

there is no evidence of two elements, which we examine below.

**C.   Actual Knowledge**

Appellant first asserts that there was no evidence of its actual knowledge of the

dangerous condition on the property. There must be actual, rather than constructive,

knowledge of the dangerous condition to maintain a cause of action. *See id.* at 392. This

means showing more than hypothetical knowledge and that the owner "actually knew of

6

the 'dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition c[ould] develop over time.'" *Id.* (quoting *City of Coriscana v. Stewart*, 249 S.W.3d 412, 413–14 (Tex. 2008) (per curiam)). "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Id.* (quoting *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008)).

Circumstantial evidence can establish actual knowledge, but it must directly or by reasonable inference support the asserted conclusion. *Id.* at 394 (citing *Suarez*, 465 S.W.3d at 634). Mere suspicion is not enough to form a reasonable inference. *Id.* "[A]ctual knowledge cannot be established by piling inference upon inference." *Am. Indus. Life Ins. v. Ruvalcaba*, 64 S.W.3d 126, 141 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *see Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003) ("[S]ome suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence."); *Rounsaville v. Bullard*, 276 S.W.2d 791, 794 (1955) ("No inference of fact should be drawn from premises which are uncertain. . . . One presumption cannot be based upon another presumption.").

Because whether appellant had actual knowledge is a jurisdictional fact, we will consider evidence necessary to resolve this issue. *See Clark*, 544 S.W.3d at 770–71. Appellant challenged via its plea to the jurisdiction that appellee failed to present any evidence that appellant had actual knowledge of these conditions. Thus, we treat this as a no-evidence plea to the jurisdiction and will review to determine "whether [appellee] has raised a fact issue regarding the [TTCA]'s immunity waiver." *Powell*, 704 S.W.3d at 448.

7

Appellee's petition alleged that she was an invitee at the Hidalgo County Courthouse, and that she used the makeshift walkway there. She further alleged that appellant's employees were responsible for maintaining the walkway, trash cans, and carpeting, and that they were not properly maintained, constituting a dangerous condition. Her only "evidence" for these assertions at the time of the hearing was a single photo attached to her live petition. However, pleadings or documents attached to pleadings do not generally qualify as summary judgment evidence, whether verified or not. *See Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818–19 (Tex. 2021). The photograph was not verified, and appellee did not file a response to the plea to the jurisdiction with any verified summary judgment evidence. *Id.* Accordingly, appellee has failed in her burden to create a fact issue. *See Powell*, 704 S.W.3d at 448.

As appellee failed to produce any competent evidence in response to the plea to the jurisdiction, we sustain appellant's first issue. Because this issue is dispositive, we need not address appellant's remaining issue. *See* TEX. R. APP. P. 47.1.

## D.    Remedy

Appellee failed to produce evidence creating a fact issue as to actual knowledge even after amending her petition multiple times. Typically, this conclusion would result in our rendition of judgment in favor of appellant. *See, e.g., Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). However, at the time of the trial court's decision, the *Powell* case had not been decided and, thus, a no-evidence style plea to the jurisdiction was not proper.[1] Under the applicable law, appellant's filing of its plea to the jurisdiction without

---

[1] *See, e.g., La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 897 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied) ("A defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. . . . In other words, a defendant may not advance a 'no-evidence'

supporting evidence did not generate a burden on the part of appellee to produce evidence. This could explain appellee's failure to provide such evidence in response to appellant's plea.

Given the supreme court's clarification of the law since the trial court's denial of plea to the jurisdiction, we find the appropriate remedy is to remand to provide a final opportunity for appellee present evidence sufficient to create a fact issue. *See* TEX. R. APP. P. 43.3 ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial."). In reconsidering the plea to the jurisdiction, the trial court should follow *Powell* and consider whether appellee has met her burden to show a waiver of immunity.

## IV.    CONCLUSION

Appellee failed to present evidence to create a fact issue to defeat appellant's plea to the jurisdiction. Based on the recent *Powell* decision, we reverse the trial court's denial of the plea, but we remand for further proceedings in accordance with this opinion.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
26th day of June, 2025.

---

plea to the jurisdiction."); *HS Tejas, Ltd. v. City of Houston*, 462 S.W.3d 552, 557 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("By not presenting any evidence to establish that the trial court lacked jurisdiction as a matter of law, the City failed to meet its burden to challenge jurisdiction."), *abrogated by Powell*, 704 S.W.3d at 447.

9